## Commonwealth v. Chandler

Before DiSalle, Gladden and Hanna, JJ.

*Paul M. Petro,* Assistant District Attorney for Commonwealth.

*Sigmund L. Bloom,* for defendant.

DiSALLE, J., August 6, 1974.—This matter is before us on defendant's motion for a new trial following his conviction by a jury on four counts charging him with the sale of heroin in violation of The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P. L. —, 35 PS §780-101, et seq.

Defendant contends that the trial court erred in permitting the Commonwealth to offer in rebuttal a record of his Federal court conviction when, defendant claims, he had not been properly identified as being the same person as the one involved in the conviction. In this same connection, defendant claims that the court erred in submitting the question of identity to the jury. Defendant also argues that the court should have declared a mistrial because of an allegedly improper closing argument made by the assistant district attorney.

After defendant had put in his case in chief, the Commonwealth moved to attack his credibility by offering into evidence his record of prior convictions. In this regard, the assistant district attorney offered to prove that defendant had been convicted of (1) a charge of fraudulent pretense and worthless check in June of 1973; (2) a similar charge in May of 1971; (3) a charge of larceny in May of 1967; (4) a charge of lotteries in 1966; (5) a charge of false pretenses in May of 1973; and (6) a charge of accessory to burglary in 1957. For various reasons, the trial judge in reliance on Commonwealth v. Bighum, 452 Pa. 554, 307 A.

2d 255, refused the admission of all these records. The Commonwealth then moved the admission of a record of conviction in the United States District Court for the Western District of Pennsylvania on a charge of forgery and counterfeiting. This the trial judge permitted. The Commonwealth called a clerk of the United States District Court, who testified that one Lawrence A. Chandler, also Known as "Bubba" Chandler, had pleaded guilty and was sentenced on charges of forgery and counterfeiting on October 5, 1972. However, when the clerk was asked whether he could say that this defendant was the same person as the one involved in the prior conviction, he said he could not. He did testify that the Federal record showed that the bond form had been signed by Lawrence Allen Chandler whose address was 280 Spells Avenue, Washington, Pa., on November 15, 1971. Defendant previously had testified that he had lived in the City of Washington or the surrounding area during his entire lifetime. Although defendant had said that for some short period of time he lived in McMurray, Pa. (a town some 10 miles distance from Washington), it seems fairly clear that at the time of the Federal offense, May 20, 1970, defendant was living in the City of Washington. In addition, at several points during his testimony, defendant referred to himself as "Bubby."

Defense counsel strenuously objected to the use of the Federal records of conviction and moved for a mistrial. The trial judge refused the motion and gave the jury the usual cautionary instructions on the limited purpose for which the prior conviction could be used. In addition, the trial judge pointedly cautioned the jury that before it could consider the prior conviction in any event, it would have to find beyond a reasonable doubt that defendant in this case was the same person as defendant in the Federal case. Defendant cites Com-

monwealth v. Young, 418 Pa. 359, and Commonwealth v. King, 455 Pa. 363, decided March 5, 1974, in support of his argument. In Young, the only evidence produced by the Commonwealth to support the prior conviction was similarity of names. In that case, Mr. Justice Egan, noting that the name Young was not uncommon, and that a perusal of the Philadelphia telephone directory showed 15 listings for that name, concluded that the identity had not been established and that the prior conviction should not have been admitted. In King, the only evidence offered to show identity was the similarity of names, and again the Supreme Court reversed, holding that the prior criminal record should not have been admitted.

In the King case, however, the court noted that, in some instances, identity of name, address and age would suffice. We think we have that situation here. The name Lawrence A. Chandler is not a common name in this county. A perusal of the telephone directory for the City of Washington and its environs shows neither a Lawrence Chandler, nor a Lawrence A. Chandler listed in the city or any of the communities surrounding it, including McMurray. In addition, we have here a defendant with exactly the same nickname as defendant in the Federal case. This, taken together with the fact that the residences were substantially the same, leads us to conclude that the identity was properly established. Furthermore, as above noted, the trial judge instructed the jury that it could consider the prior record only if it found beyond a reasonable doubt that the two defendants were one and the same person. Defendant claims that the question of identity should not have been submitted to the jury, but we are at a loss to see how else the matter could have been handled. As the trial judge pointed out to defense counsel, even had the Federal clerk testified that in

his opinion this defendant was the same person as the Federal defendant, surely the jury could not have been told that such testimony rendered the issue of identity conclusive. If prior records are to be used at all, and we realize there is serious question concerning their use, we see no other way to handle the matter except as was done here.

In any event, even if the trial court erred in admitting the prior record, it is our judgment that it was harmless error. The chief witness for the Commonwealth (a Drug Investigator for the Pennsylvania Department of Justice) testified unequivocally that on three occasions he made purchases of heroin from the defendant. The defendant, although denying any involvement in the sales, admitted that on at least two of the three occasions (one in McMurray and one in Washington, Pennsylvania), he was present when the sales took place and in fact spoke to the officer. We are satisfied, therefore, that no prejudice resulted to defendant because of the admission of the one prior conviction. In Commonwealth v. Townsell, — Pa. —, 320 A. 2d 111 (1974), the Supreme Court held that the use of an incriminating statement obtained from defendant during an alleged delay between arrest and arraignment, if error, was harmless.

At argument, defense counsel informed the court that he was not pursuing the matter of the allegedly improper closing argument of the assistant district attorney. Accordingly, we will not deal with this issue, although our review of the Commonwealth's closing argument satisfies us that it contained nothing improper.

### ORDER

And now, August 6, 1974, defendant's motion for a new trial is refused and defendant is ordered to appear for sentencing before DiSalle, J. at a time to be fixed.